# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| TRADEBE ENVIRONMENTAL SERVICES, LLC D/B/A TRADEBE TREATMENT AND RECYCLING, | § § § § | |
| Plaintiff, | § | Civil Action No. _____ |
| | § | (JURY DEMANDED) |
| v. | § | |
| | § | |
| CITY OF LA PORTE, | § | |
| Defendant. | § | |

### INDEX OF MATTERS BEING FILED

| EXHIBIT | DATE | DOCUMENT |
|---------|------|----------|
| A-1 | | Docket Sheet for Cause No. 2018-83751; *Tradebe Environmental Services, LLC d/b/a Tradebe Treatment and Recyling;* in the 165th Judicial District Court of Harris County, Texas |
| A-2 | 11/21/2018 | Plaintiff's Original Petition, Application for Temporary Restraining Order, Temporary and Permanent Injunction and Request for Declaratory Relief |
| A-3 | 11/21/2018 | Affidavit of James Little |
| A-4 | 11/21/2018 | Proposed Temporary Restraining Order |
| A-5 | 11/21/2018 | Civil Case Information Sheet |
| A-6 | 11/21/2018 | Civil Process Request |
| A-7 | 11/21/2018 | Signed Order Denying Application for Temporary Restraining Order and Setting Show Cause Hearing |
| A-8 | 11/21/2018 | Agreed Temporary Order Pursuant to Rule 11 Texas Rule of Civil Procedure |
| A-9 | 12/05/2018 | City's Trial Brief |
| A-10 | 12/05/2018 | Proposed Order Denying Request for Temporary Injunction |

# EXHIBIT A-1

| **HCDistrictclerk.com** | TRADEBE ENVIRONMENTAL SERVICES LLC (D/B/A TRADEBE vs. CITY OF LAPORTE | 12/12/2018 |
|---|---|---|
| | Cause: 201883751     CDI: 7     Court: 165 | |

## APPEALS

No Appeals found.

## COST STATMENTS

No Cost Statments found.

## TRANSFERS

No Transfers found.

## POST TRIAL WRITS

No Post Trial Writs found.

## ABSTRACTS

No Abstracts found.

## SUMMARY

| CASE DETAILS | | CURRENT PRESIDING JUDGE | |
|---|---|---|---|
| **File Date** | 11/21/2018 | **Court** | 165th |
| **Case (Cause) Location** | Civil Intake 1st Floor | **Address** | 201 CAROLINE (Floor: 12) HOUSTON, TX 77002 Phone:7133686270 |
| **Case (Cause) Status** | Active - Civil | | |
| **Case (Cause) Type** | PERSONAL INJ (NON-AUTO) | **JudgeName** | URSULA A. HALL |
| **Next/Last Setting Date** | 12/17/2018 | **Court Type** | Civil |
| **Jury Fee Paid Date** | N/A | | |

## ACTIVE PARTIES

| Name | Type | Post Jdgm | Attorney |
|---|---|---|---|
| TRADEBE ENVIRONMENTAL SERVICES LLC (D/B/A TRADEBE TREATMENT AND | PLAINTIFF - CIVIL | | HALE, FRANK ALLEN |
| CITY OF LAPORTE | DEFENDANT - CIVIL | | |
| TRADEBE TREATMENT AND RECYCLING | PLAINTIFF - CIVIL | | HALE, FRANK ALLEN |
| LA PORTE FIRE MARSHAL OFFICE OF THE CITY OF LA PORTE | DEFENDANT - CIVIL | | |
| CITY OF LA PORTE BY SERVING CITY MANAGER CORBY ALEXANDER | REGISTERED AGENT | | |

## INACTIVE PARTIES

No inactive parties found.

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|------|-------------|--------------|-----------|-----|--------------|-----------------|---------------|
| 11/21/2018 | ORDER SIGNED SETTING HEARING | 11/21/2018 | | 1 | | | |
| 11/21/2018 | APPEARANCE ON TEMPORARY INJ OR TEMPORARY RESTRAINING ORD | | | 0 | | | |
| 11/21/2018 | ORDER SIGNED DENYING TEMPORARY RESTRAINING ORDER | 11/21/2018 | | 1 | | | |
| 11/21/2018 | ORIGINAL PETITION | | | 0 | | HALE, FRANK ALLEN | TRADEBE TREATMENT AND RECYCLING |
| 11/21/2018 | ORIGINAL PETITION | | | 0 | | HALE, FRANK ALLEN | TRADEBE ENVIRONMENTAL SERVICES LLC (D/B/A TRADEBE TREATMENT AND |

## SETTINGS

| Date | Court | Post Jdgm | Docket Type | Reason | Results | Comments | Requesting Party |
|------|-------|-----------|-------------|--------|---------|----------|------------------|
| 12/05/2018 02:30 PM | 165 | | Law Day Docket | TEMPORARY INJUNCTION | Re-Set | PER COURT CONTINUANCE OF HEARING | |
| 12/05/2018 04:00 PM | 165 | | Law Day Docket | TEMPORARY INJUNCTION | Re-Set | PER COURT | |
| 12/17/2018 10:00 AM | 165 | | Law Day Docket | TEMPORARY INJUNCTION | | | |

## SERVICES

| Type | Status | Instrument | Person | Requested | Issued | Served | Returned | Received | Tracking | Deliver To |
|------|--------|------------|--------|-----------|--------|--------|----------|----------|----------|------------|
| CITATION | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | CITY OF LA PORTE BY SERVING CITY MANAGER CORBY ALEXANDER | 11/21/2018 | 11/21/2018 | | | | 73566229 | CIV AGCY-CIVILIAN SERVICE AGENCY |
| 604 W FAIRMONT PKWY LA PORTE TX 77571 | | | | | | | | | | |

## Notices

| Notice Date | Activity Date | Description | Connection To Case | Name | Address | Phone |
|-------------|---------------|-------------|--------------------|------|---------|-------|
| 11/22/2018 | 11/21/2018 | | 0 | HALE, FRANK ALLEN | 4008 VISTA, SUI, PASADENA, TX 77504 | 713-941-4100 |

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|---|---|---|---|---|
| 82857654 | City's Trial Brief | | 12/05/2018 | 5 |
| 82857656 | Proposed Order Denying Request for Temporary Injunction | | 12/05/2018 | 1 |
| 82688148 | Plaintiffs Original Petition, Application For Temporary Restraining Order, Temporary And Permanent Injunction And Request For Request For Declaratory Relief | | 11/21/2018 | 12 |
| ·> 82688151 | Civil Case Information Sheet | | 11/21/2018 | 2 |
| ·> 82688152 | Civil Process Request | | 11/21/2018 | 1 |
| ·> 82688149 | James Littles Supporting Affidavit | | 11/21/2018 | 2 |
| ·> 82688150 | Proposed Temporary Restraining Order | | 11/21/2018 | 2 |
| 82694127 | ORDER SIGNED DENYING TEMPORARY RESTRAINING ORDER | | 11/21/2018 | 1 |
| | ORDER SIGNED SETTING HEARING | | 11/21/2018 | |
| 82722777 | Agreed Temporary Order Pursuant to Rule 11 Texas Rules of Civil Procedure | | 11/21/2018 | 2 |

# EXHIBIT A-2

11/21/2018 9:36 AM
Chris Daniel - District Clerk Harris County
Envelope No. 29193426
By: Miaeda Hutchinson
Filed: 11/21/2018 9:36 AM

NO. _____

| | | |
|---|---|---|
| TRADEBE ENVIRONMENTAL | § | IN THE DISTRICT COURT |
| SERVICES, LLC D/B/A TRADEBE | § | |
| TREATMENTTRADEBE | § | |
| ENVIRONMENTAL SERVICES, LLC | § | |
| d/b/a TREATMENT AND RECYCLING | § | |
| CENTER AND RECYCLING | § | |
| Plaintiff, | § | |
| | § | _____ JUDICIAL DISTRICT |
| V. | § | |
| | § | |
| CITY OF LA PORTE | § | |
| Defendant. | § | OF HARRIS COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION, APPLICATION FOR
TEMPORARY RESTRAINING ORDER, TEMPORARYAND PERMANENT
INJUNCTION AND REQUEST FOR DECLARATORY RELIEF**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES Tradebe Environmental Services, LLC d/b/a Tradebe Treatment and

Recycling, herein, and files this Plaintiff's Original Petition, Application for Temporary

Restraining Order, Temporary and Permanent Injunction and Request for Declaratory Relief

against City of La Porte, Defendant herein, and in support thereof, shows the court the following:

**DISCOVERY CONTROL PLAN**

1.  Plaintiff intends to conduct discovery under Level 2 of the Texas Rules of Civil Procedure.

Tex. Civ. P. 190.3.

**CLAIM FOR RELIEF**

2.  Plaintiff seeks monetary relief over $200,000 but no more than $1,000,000. Tex. R. Civ. P.

47(c)(4).

**PARTIES AND SERVICE**

3.  Plaintiff, Tradebe Environmental Services, LLC d/b/a Tradebe Treatment and Recycling is a

Texas limited liability company with their principle place of business in Harris County, Texas.

4.    Defendant, the City of La Porte (the "City") is a Texas State Municipality organized and existing under Texas law and Defendant, the La Porte Fire Marshal Office of the City of La Porte. Service of said Defendants as described above can be affected by personal delivery to Clark Askin, Assistant City Attorney for the City of La Porte, who has agreed to accept service of process.

## JURISDICTION AND VENUE

5     This court has jurisdiction because this action arises under the Texas Civil Practice and Remedies Code §37.001, et seq., §65.001 and Tex. Const. Art. 1, § 17.

6.    Venue is proper in Harris County, Texas pursuant to §15.002(a)(3) of the Texas Civil Practice and Remedies Code because this county is the county of the principal office of City of La Porte, Defendants herein.

7.    The subject matter in controversy is within the jurisdictional limits of this court.

8.    The Plaintiff Request a Finding of Ultra Vires Acts and the Granting of Prospective relief is specifically authorized under the Uniform Declaratory Judgment Act contained in Chapter 37 of the Texas Civil Practice and Remedies Code ("UDJA").  An action for a declaratory judgment is neither legal nor equitable but is sui generis-that is, of its own kind. *Texas Liquor Central Board v. Canyon Creek Land Corp.,* 456 S.W.2d 318, 334 (Tex. App.—Fort Worth 1998, pet. Denied). Declaratory judgment is appropriate where there is "uncertainty or insecurity as to the rights, legal relations or status of parties and when declaratory relief will settle the dispute and put an end to the controversy," *Id.,* and thus this court has the power to grant Plaintiff's request for declaratory judgment. A grant of declaratory judgment in Plaintiff favor will clarify Plaintiff's rights, "settle the dispute, and put an end to the controversy." *Id.*

9.     The Plaintiff does not simply complain about the exercise of discretion by governmental officials. Rather, the Plaintiff affirmatively pleads and alleges the governmental officials acted without legal authority. Therefore, their actions are ultra vires in nature.

10.     "A state official's illegal or unauthorized actions are not acts of the State. Accordingly, an action to determine or protect a private party's rights against a state official who has acted without legal or statutory authority is not a suit against the State that sovereign immunity bars. These Ultra Vires suits do not attempt to exert control over the state -- they attempt to reassert the control of the state." *City of El Paso v. Heinrich*, 284 S.W.3d 366, 379072 (Tex. 2009).

11.     Under the ultra vires exception to immunity, a plaintiff may sue a state officer in his official capacity (thereby binding the State through its agent) for prospective injunctive or declaratory relief to compel compliance with statutory or constitutional provisions. See *Heinrich*, 284 S.W.3d at 372-80. Sovereign immunity is held to bar such claims because, in concept, acts of state official that are not lawfully authorized are not considered to be acts of the State.

12.     The Plaintiff affirmatively pleads and alleges ultra vires acts has been committed and have sued the governmental officials in their official capacities, and seek prospective relief other than the recovery of monetary damages. Therefore, governmental immunity does not apply.

## FACTS

13.     Plaintiff is a Local Trucking without storage service in the business of transporting hazardous and non-hazardous waste under the rules and regulations promulgated by the Environmental Protection Act and the waste management program mandated by Congress that led to the creation of the Resource Conservation and Recovery Act herein referred to as "RCRA" which creates the framework for proper management of hazardous and non-hazardous solid waste. Plaintiffs responsibility as a waste transporter is to carry out all RCRA requirements and

furthermore the laws under the Texas Commission on Environmental Quality, the environmental agency for the state of Texas.

14.     On March 5, 2012, Plaintiff filed a permit application with the City of La Porte's Planning and Development department as a step in the process of doing business for profit in the City of La Porte. Plaintiff filed the permit application after considerable research, financial planning, and startup costs. Moreover, Plaintiff entered into negotiations with Oakland Land and Development for a long-term lease at the property address of 200 South Sixteen Street within the city limits of the City of La Porte.

15.     On March 8, 2012, the City of La Porte issued a valid permit to Plaintiff.  This valid permit authorized Plaintiff to commence as a "Transfer Station/Facility." Plaintiff has conducted business for the past six years without violation or notice of any other requirement that is not expressly authorized by zoning permit.

16.     For the past six years, Plaintiff has operated as a Transfer Station authorized under the permit and all relevant Code of Federal Regulations codified as the permanent rules of federal agencies such as the EPA and RCRA.

17.     On July 5, 2018, the La Porte Fire Marshal's Office issued a Stop Work Order that effective immediately required Plaintiff to:

    (1)  "Cease the transporting/storing hazardous waste/chemicals at this property";

    (2)  "Property is not permitted for hazardous chemical storage to include inside structure, outside on property, or in trailers." in direct violation of the valid permit issues in 2012.

18.     Since being issued the 2012 permit, Plaintiff has been providing a waste transport service in accordance as a Specialized Trucking company in the business of transporting hazardous and

non-hazardous materials from location to location in accordance with the above referenced regulatory standards.

19.     Applicable regulatory definitions expressly identify what constitutes "storage". For Defendant's to adopt a different definition violates standards of statutory authority. Contained waste materials arrive to the Plaintiff's facilities and remain in-transit without being stored either as exterior storage or interior storage. Waste materials are not destined to remain in the City of La Porte but are transferred to an alternative offsite location identified on a waste material manifest. Even if a shipment arrives at the Plaintiff's premises, it remains inside of a designated truck that again is in transit within the 10-day period authorized by the TECQ. Plaintiff has operated this service without interruption and without concealment since 2012.

20.     The City of La Porte has prevented Plaintiff acting in accordance with a valid permit authorized by the City of La Port's Planning and Development department. In fact, for the past six years, Plaintiff has reasonably relied on the permit; expended funds based on the reliance and did not continue working after the Stop Work Order was issued.  Furthermore, in direct reliance on the validity of the permit, Plaintiff renegotiated and extended the terms and years of a lease with Oakland Land and Development for another four years.  A new lease was signed based on the City of La Porte issuing the 2012 permit.

21.     In addition, the Stop Work Order issued by the Fire Marshal's Office with the City of La Porte fails to cite a specific zoning ordinance that will give Plaintiff's adequate notice and method to remedy the alleged violation.  Nevertheless, Plaintiff has abided by the cease and desist conditions of the order in detriment to its long-term reliance on the permit granted by the City of La Porte municipality.

22.     The Stop Work Order's requests the Plaintiff to cease all operation activities is a sudden change of position that prevents a business that has been operating in the same capacity for the past six years. As a result, Plaintiff's injury is immediate and irreparable harm if allowed to continue further.

23.     In addition, in taking the action to stop and terminate the business operations the Fire Marshall's Office for the city of LaPorte has failed to provide even a modicum a due process to Tradebe. There has been no written complaint identifying or clearly identifying what rules and regulations are alleged to have been violated. There has been no written complaint setting forth what action or steps are needed to remedy the issue, or a time frame to make the corrections to come into compliance. There has been no written information provided to notify the Plaintiff of the change in compliance. The City has failed to provide Plaintiff's with a zoning ordinance that they have alleged to have violated. The City of La Porte's own definition of "outside storage" substantiates Plaintiff's right to continue operating as a Transfer Facility.

## IRREPARABLE INJURY

24.     As a result of the Defendants' illegal and wrongful actions as described herein, Plaintiff will suffer irreparable injury for which Plaintiff may have no adequate remedy at law.  Plaintiff's losses will include lost profits related to unreasonable business interruption, loss of current and future customer base and liability for rent payments on a four-year lease recently signed in reliance of the permit granted by the Defendants. If Plaintiff is not allowed to resume operations based on the valid permit granted by the Defendants, Plaintiff's damages will cause the total cessation of business operations, a irreparable injury in clear violation of Plaintiff's due  process rights.

## VIOLATION OF ARTICLE 1, §17 OF THE TEXAS CONSTITUTION

25.    The actions of the Defendants have deprived Plaintiff of the use and enjoyment of their property and constitute a taking or damaging of its property for which, under the provisions of Article 1, § of the Texas Constitution, they are entitled to compensation.  Further, it is settled that the defense of governmental function is not available where conduct of a municipality amounts to taking or damaging within the constitutional prohibition. Defendants' unreasonable interference with the right of access to one's property is recognized as a compensable taking. *DuPuy v. City of Waco*, 396 S.W.2d 103(Tex. 1965). No valid reason exists for Defendant's refusal to recognize the permit issued to the Plaintiff in 2012 which is and continue to cause Plaintiff substantial monetary damage.

### ACTUAL DAMAGES –LOST PROFITS

26.    As a proximate result of Defendants conduct as alleged herein, Plaintiff have been forced to shut down their entire operation in the City of La Porte. Since they have been forced to shut down operations, a direct result is that a unilateral interference in the everyday operations of what was an ongoing and successful business venture has caused great damage to the entity and the persons involved in the operation of the business. For such damage, the City of La Porte individually should be liable for allowing the Fire Marshal's Office to act under color of authority of Defendants to deprive Plaintiff of its rights and protections under the laws of the United States Constitution.  Despite Defendants wrongful conduct, Plaintiff has made good faith attempts to prevent further losses but continue to be significantly hindered by such conduct of the Defendants.  The Stop Work Order should be immediately suspended and the Defendants should be forced to respond to the Plaintiff in the form of damages. Unless the City of La Porte and Defendants are immediately enjoined and restrained, Plaintiff will suffer irreparable damage

and cease operating in the City of La Porte despite applying for and being granted a valid permit six years ago.

## APPLICATION FOR TEMPORARY RESTRAINING ORDER

27.     Plaintiffs' Application for a Temporary Restraining Order is authorized by §65.011 of the Texas Civil Practice and Remedies Code. Plaintiff requests the Court to enjoin the Defendants from continuing to prevent Plaintiff from operating waste transport services as permitted by Defendants. There is no statutory authority for Defendants actions. If Plaintiffs' application is not granted, the harm herein identified resulting from the interuption to its business operations will continue.

28.      For the reasons set forth herein, Defendants have stated it will continue to act in the manner complained of including but not limited to constant harassment and thousands of dollars in fines levied against them for non-violations. In fact, Defendants refuse to recognize a valid permit authorized by the Defendants themselves. More importantly, Defendants have refused to recognize the legal authority of the federal government pursuant to the Code of Federal Regulations ("C.F.R.").

29.     Plaintiff is likely to succeed on the merits of this lawsuit because for years Plaintiff has been allowed to operate the exact same business without incident or violation being alleged or reported. Plaintiff has met Plaintiffs' burden by establishing each element which must be present before injunctive relief can be granted by this court, therefore Plaintiff is entitled to the requested temporary restraining order.

30.     Unless this Honorable Court immediately restrains the Defendants, the Plaintiff will suffer immediate and irreparable injury, for which there is no adequate remedy at law to give Plaintiff complete, final and equal relief. More specifically, Plaintiff will show the court the following:

The harm to Plaintiff is imminent because the Defendants have completely shut down the Plaintiff's operation and this imminent harm will cause Plaintiff irreparable injury in that the existing customers will immediately seek other service providers; Plaintiff will be liable for four years of lease payments under a newly signed lease with Oakland Land and Development without being able to operate in reliance of a valid permit; and,  a loss of an established customer base due to intolerable delays and increased cost of doing business with Plaintiff.

31.     There is insufficient time to serve notice on the Defendants and to hold a hearing accordingly. Plaintiff seeks an ex part hearing on their Application for Temporary Restraining Order.

## REQUEST FOR TEMPORARY INJUNCTIVE RELIEF

32.     In light of the above described facts, Plaintiff seeks recovery from Defendant.  The nature of the lawsuit is implementation of unreasonable and arbitrary restrictions on Plaintiff's ability to perform lawful services.

33.     There is no adequate remedy at law which will give Plaintiff complete, final and equal relief because without the immediate intervention of the Court the business will cease with irrecoverable financial losses directly related to the Defendants decision to issue Plaintiff a stop work order contrary to the validity of its current permit.

34.      It is essential that the court immediately and temporarily enjoined Defendants unlawful conduct, described herein, from continuing to shut down Plaintiff's business operation. It is essential that the court act immediately, prior to giving notice to Defendants and a hearing on the matter because the delay will end the business operation. In order to preserve the status quo during the pendency of this action, Plaintiff requests that the Defendants be temporarily enjoined from continuing to shut down Plaintiff's business operation.

35.     Plaintiff has joined all indispensable parties under the Texas Rules of Civil Procedure.

## REQUEST FOR PERMANENT INJUNCTIVE RELIEF

36.     Plaintiff requests the Court to set its request for Permanent Injunction for full trial on the merits and after trial, issue a permanent injunction against the City of La Porte from preventing the conduct complained of and thereby allowing Plaintiff's to engage in the transfer of hazardous materials during a 10-day transfer process with the ultimate destination based on the manifest within the city limits of the City of La Porte.

## SUIT FOR DECLARATORY RELIEF

37.     In the alternative, Plaintiff seeks a declaratory judgment as allowed by Tex. Civ. Prac. & Rem. Code §37.003(a), which empowers a court to "declare rights, status, and other legal relations whether or not further relief is or could be claimed" and § 37.004(a), which expressly allows the construction or validity of Plaintiffs' status and/or legal regulations affected by statute or municipal ordinance.

38.     A declaratory judgment is appropriate if a justiciable controversy exits as the rights and status of the parties and the controversy will be resolved by the declaration sought.  Such is the case here where Plaintiff seeks a declaration regarding the validly and enforceability of the Permit issued on by Defendants in 2012. As stated, the law in Texas mandates that in the facts prevailing here where the Defendant has consented to Plaintiff's business of transporting hazardous waste and the Plaintiff's reliance on the validity of the permit by following the zoning ordinances of the City of La Porte.  Moreover, Plaintiff's business activities are regulated by the Code of Federal Rules and Regulations. The legislative intent of the Code of Federal Rules and Regulations is based on the balancing of the interest of the public and free commerce. Plaintiff received a permit to transport waste services to ultimate destinations which are clearly defined by

federal codes and regulations as "in-transit." Plaintiff does not "store" any waste containers in any form as defined by federal statutory authority. Defendants are intentionally failing to follow plain language rule of statutory construction. As such this Court may enter such a declaration that said the Plaintiff has not stored hazardous chemicals on the property including outside structure and inside storage.

39.    Plaintiff has retained the services of Frank A. Hale & Associates, PLLC to represent it in this action and has agreed to pay the reasonable and necessary attorney fees of Frank A. Hale & Associates, PLLC.

An award of reasonable and necessary attorney fees to Plaintiff would be equitable and just and therefore authorized by §37.009 of the Tex. Civ. Prac. & Rem. Code.

## JURY DEMAND

40.    Plaintiff demands a jury trial and tenders the appropriate fee with this Petition.

## BOND

41.    Plaintiff is willing to post a reasonable temporary restraining order bond and requests the court to set such bond.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Tradebe Environmental Services, LLC d/b/a Tradebe Treatment and Recycling, a Texas limited liability company respectfully prays that:

1.  That the City of La Porte be ordered to appear and answer herein;

2.  A temporary restraining order will issue without notice to Defendants, restraining Defendants, it's officers, agents, servants, employees, agents, servants, successors and assigns, and attorneys from directly or indirectly continuing to shut down Plaintiffs

business operation;

3.  The Court sets a reasonable bond for the temporary restraining order;

4.  After notice and hearing, a temporary injunction will issue enjoining and restraining the '

    officers, agents, servants, employees, successors and assigns, and attorneys from directly

    or indirectly continuing to shut down Plaintiffs business operation;

5.  After trial on the merits, the Court permanently enjoin Defendants, its' officers, agents,

    servants, employees, successors and assigns, and attorneys from directly or indirectly

    continuing to shut down Plaintiffs business operation.

6.  Declaratory Judgment that the Permit issued to Plaintiff in 2012 is valid and enforceable;

7.  Actual Damages for interruption to Plaintiffs' business operations and resulting lost

    income and/lost profits;

8.  Pre-judgement and post-judgement interest;

9.  Court costs

10. Attorneys' fees; and

11. For such other and further relief, in law or in equity, to which Plaintiff may be justly

    entitled.

                              Respectfully submitted,

                              FRANK A. HALE & ASSOCIATES, PLLC

                              By: _____
                                  FRANK A HALE
                                  Texas Bar No: 0872400
                                  4008 Vista Rd., Suite 201A
                                  Pasadena, Texas 77504
                                  Tel. (713) 941-4100
                                  Fax. (713) 941-4456
                                  Attorney for Plaintiff
                                  Tradebe Environmental Services, LLC
                                  Email: Frank@frankahale.com



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   December 12, 2018

Certified Document Number:       82688148 Total Pages:  12

Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

# EXHIBIT A-3

11/21/2018 9:36:21 AM
Chris Daniel - District Clerk
Harris County
Envelope No: 29193426
By: HUTCHINSON, MIAEDA A
Filed: 11/21/2018 9:36:21 AM

NO. _____

| | | |
|---|---|---|
| TRADEBE ENVIRONMENTAL SERVICES, LLC d/b/a TREATMENT AND RECYCLING CENTER **Plaintiff,** | § § § § | IN THE DISTRICT COURT |
| **V.** | § § § | _____ JUDICIAL DISTRICT |
| CITY OF LAPORTE **Defendant.** | § § § | HARRIS COUNTY, TEXAS |

### JAMES LITTLE's SUPPORTING AFFIDAVIT

BEFORE ME, the undersigned authority, personally appeared JAMES LITTLE, who, under oath, stated that the statements made in the foregoing Original Petition, Application for Temporary Restraining Order, Temporary Injunction and Permanent Injunction and Declaratory Relief are true and correct.

"My name is James Little. I am at least 18 years of age and of sound mind. I am personally acquainted with the facts alleged herein.

"I have been employed in the position of Operations Manager for Tradebe Environmental Services, LLC doing business as Tradebe Treatment and Recycling herein referred to as "Tradebe" located on 200 South Sixteenth Street in the City of La Porte since 2012.

"On March 8, 2012, the City of La Porte authorized Tradebe to begin operating as a transfer facility by issuing a valid permit, herein referred to as the "permit". This permit was granted after Tradebe completed all necessary paperwork and described the services to be provided.

"For the past six years, Tradebe has operated in accordance with the specifications identified on the permit. In fact, since 2012 Tradebe has passed each annual inspection conducted by the City of La Porte Fire Marshal's Office including the 2018 inspection year. Tradebe has never been given any notice or warning that Tradebe is in violation of any zoning ordinance within the city limits of the City of La Porte.

"On July 5, 2018, the City of La Porte Fire Marshal's Office issued a Stop Work Order requiring Tradebe to immediately cease all work despite a valid permit since 2012. In order to immediately comply with the stop work order, the only method of preventing a total shutdown of its operations, Tradebe had to take extraordinary measures with third-party vendors at a higher cost to meet the unjust and egregious requirements of the cease and desist order.

"By issuing the stop work order, the City of La Porte Fire Marshal's Office and the City of La Porte's unfettered, arbitrary, capricious and unreasonable actions violated Tradebe's due process rights to operate in reliance on the permit granted.

"If the temporary restraining order is not granted, Tradebe will suffer irreparable damage because the City of La Porte is refusing to recognize the permit, they themselves approved in 2012.  The failure of the City of La Porte to recognize Tradebe's constitutionally protected due process rights should not be allowed to continue any further.

"Tradebe is likely to succeed on the merits of this request for a temporary restraining order because for years Tradebe has been allowed to operate the exact same business the City of La Porte is now wanting to prohibit. Tradebe has met plaintiff's burden by establishing each element which must be present before temporary relief and injunctive relief can be granted by this court, therefore Tradebe respectfully is entitled to the requested temporary restraining order.

"Unless this Honorable Court immediately restrains the City of La Porte, Tradebe will suffer immediate and irreparable injury, for which there is no adequate remedy at law to give Tradebe complete, final and equal relief. More specifically, Tradebe will show the court the that the harm to Tradebe is imminent because the City of La Porte has completely shut down Tradebe's operations contrary to a valid permit issued by them.  This imminent harm will cause irreparable injury in that the existing customers will cease to do business with Tradebe and Tradebe will be face criminal charges in addition to other intolerable harm.

"If Tradebe's request for temporary relief is not granted, the harm herein identified resulting from the interruption of its business operations will continue and leave Tradebe without an adequate remedy at law. There is insufficient time to serve notice on the City of La Porte and to hold a hearing accordingly. Hence, Tradebe's only recourse is to seek an ex-parte hearing to prevent a further violation of Tradebe's due process rights.

""Further affiant sayeth not."

_____
James Little, Affiant


SUBSCRIBED AND SWORN TO BEFORE ME on _11-21-18_____, by
_JAMES Little_____

_____
Notary Public, State of Texas

PATRECA A. BANKS
Notary Public, State of Texas
Comm. Expires 09-20-2020
Notary ID 125676079



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   December 12, 2018

Certified Document Number:        82688149 Total Pages:  2

Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

# EXHIBIT A-4

11/21/2018 9:36:21 AM
Chris Daniel - District Clerk
Harris County
Envelope No: 29193426
By: HUTCHINSON, MIAEDA A
Filed: 11/21/2018 9:36:21 AM

NO. _____

| | | |
|---|---|---|
| TRADEBE ENVIRONMENTAL | § | IN THE DISTRICT COURT |
| SERVICES, LLC d/b/a TREATMENT | § | |
| AND RECYCLING CENTER | § | |
| | § | |
| Plaintiff, | § | |
| | § | _____ JUDICIAL DISTRICT |
| V. | § | |
| | § | |
| CITY OF LA PORTE | § | |
| Defendant. | § | OF HARRIS COUNTY, TEXAS |

## TEMPORARY RESTRAINING ORDER

On _____, 2018, the Application for a Temporary Restraining Order of

Tradebe, Plaintiff herein, was heard before this court.

Based upon the pleadings, records, documents filed by counsel, and the arguments of

counsel at the hearing, IT CLEARLY APPEARS:

That unless Defendant, CITY OF LA PORTE is immediately restrained from continuing

to stop Plaintiff's business operation Plaintiff will suffer irreparable damage and eventually be

totally destroyed, that the Defendant, CITY OF LA PORTE will commit injury to Plaintiff as

described in the foregoing pleading before notice and a hearing on Plaintiff Application for

Temporary Injunction.

Plaintiff will suffer irreparable harm if the Defendant, CITY OF LA PORTE are not

restrained immediately because the existing customers will immediately seek other service

providers since delay is intolerable and there is no adequate remedy at law to grant Plaintiff

complete, final and equal relief.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Defendant,

CITY OF LA PORTE herein, and all of Defendant, CITY OF LA PORTE's officers, agents,

servants, employees, agents, servants, successors and assigns, and attorneys are ORDERED to

immediately cease and desist enforcing the Stop Work Order issued on July 5, 2018 because Plaintiff will suffer irreparable damage and eventually be totally destroyed.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Plaintiff's Application for Temporary Injunction be heard on _____ at _____ __.M in the ___     ___th Harris County District Court on 201 Caroline, _____ Floor, Houston, Texas 77002.  Defendant, CITY OF LA PORTE are commanded to appear at that time and show cause, if any exist, why a temporary injunction should not be issued against said Defendant, CITY OF LA PORTE.

The clerk of the above-entitled court shall issue a temporary restraining order in conformity with the law and the terms of this order upon the filing by Plaintiff of the bond hereinafter set.

This order shall not be effective until Plaintiff deposits with the Clerk, a bond in the amount of _____ in conformity with the law.

SIGNED and ENTERED on _____ at _____ __.M.

_____
PRESIDING JUDGE

2



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   December 12, 2018


Certified Document Number:        82688150 Total Pages:  2


Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS


**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

# EXHIBIT A-5

11/21/2018 9:36:21 AM
Chris Daniel - District Clerk
Harris County
Envelope No: 29193426
By: HUTCHINSON, MIAEDA A
Filed: 11/21/2018 9:36:21 AM

# CIVIL CASE INFORMATION SHEET

| CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____ | COURT *(FOR CLERK USE ONLY)*: _____ |
|---|---|

STYLED TRADEBE ENVIRONMENTAL SERVICES, LLC ET AL. VS CITY OF LA PORTE

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name:<br>FRANK A. HALE | Email:<br>FRANK@FRANKAH ALE.COM | Plaintiff(s)/Petitioner(s):<br><br>TRADEBE ENVIRONMENTAL SERVICES, LLC ET AL. | ☒Attorney for Plaintiff/Petitioner<br>☐Pro Se Plaintiff/Petitioner<br>☐Title IV-D Agency<br>☐Other: _____ |
| Address:<br>4008 VISTA ROAD, SUITE 201A | Telephone:<br>713-941-4100 | | Additional Parties in Child Support Case:<br><br>Custodial Parent: |
| City/State/Zip:<br>PASADENA, TEXAS 77504 | Fax:<br>713-941-4456 | Defendant(s)/Respondent(s):<br><br>CITY<br>OF<br>LA PORTE | Non-Custodial Parent:<br><br>_____<br>Presumed Father:<br><br>_____ |
| Signature: | State Bar No:<br>08724000 | *[Attach additional page as necessary to list all parties]* | |

## 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☐Consumer/DTPA<br>☐Debt/Contract<br>☐Fraud/Misrepresentation<br>☐Other Debt/Contract:<br>___<br>*Foreclosure*<br>☐Home Equity—Expedited<br>☐Other Foreclosure<br>☐Franchise<br>☐Insurance<br>☐Landlord/Tenant<br>☐Non-Competition<br>☐Partnership<br>☐Other Contract:<br>___ | ☐Assault/Battery<br>☐Construction<br>☐Defamation<br>*Malpractice*<br>☐Accounting<br>☐Legal<br>☐Medical<br>☐Other Professional<br>  Liability:<br>___<br>☐Motor Vehicle Accident<br>☐Premises<br>*Product Liability*<br>☐Asbestos/Silica<br>☐Other Product Liability<br>  List Product:<br>___<br>☒Other Injury or Damage:<br>INJUNCTION & DAMAGES | ☐Eminent Domain/<br>  Condemnation<br>☐Partition<br>☐Quiet Title<br>☐Trespass to Try Title<br>☐Other Property:<br>___ | ☐Annulment<br>☐Declare Marriage Void<br>*Divorce*<br>☐With Children<br>☐No Children | ☐Enforcement<br>☐Modification—Custody<br>☐Modification—Other |
| | | **Related to Criminal Matters** | **Other Family Law** | **Title IV-D** |
| | | ☐Expunction<br>☐Judgment Nisi<br>☐Non-Disclosure<br>☐Seizure/Forfeiture<br>☐Writ of Habeas Corpus—<br>  Pre-indictment<br>☐Other:___ | ☐Enforce Foreign<br>  Judgment<br>☐Habeas Corpus<br>☐Name Change<br>☐Protective Order<br>☐Removal of Disabilities<br>  of Minority<br>☐Other:___ | ☐Enforcement/Modification<br>☐Paternity<br>☐Reciprocals (UIFSA)<br>☐Support Order |
| | | | | **Parent-Child Relationship** |
| | | | | ☐Adoption/Adoption with<br>  Termination<br>☐Child Protection<br>☐Child Support<br>☐Custody or Visitation<br>☐Gestational Parenting<br>☐Grandparent Access<br>☐Paternity/Parentage<br>☐Termination of Parental<br>  Rights<br>☐Other Parent-Child:<br>  ___ |

| Employment | Other Civil | | |
|---|---|---|---|
| ☐Discrimination<br>☐Retaliation<br>☐Termination<br>☐Workers' Compensation<br>☐Other Employment:<br>___ | ☐Administrative Appeal<br>☐Antitrust/Unfair<br>  Competition<br>☐Code Violations<br>☐Foreign Judgment<br>☐Intellectual Property | ☐Lawyer Discipline<br>☐Perpetuate Testimony<br>☐Securities/Stock<br>☐Tortious Interference<br>☐Other:___ | |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐Tax Appraisal<br>☐Tax Delinquency<br>☐Other Tax | *Probate/Wills/Intestate Administration*<br>☐Dependent Administration<br>☐Independent Administration<br>☐Other Estate Proceedings | ☐Guardianship—Adult<br>☐Guardianship—Minor<br>☐Mental Health<br>☐Other:___ |

## 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court<br>☐Arbitration-related<br>☐Attachment<br>☐Bill of Review<br>☐Certiorari<br>☐Class Action | ☐Declaratory Judgment<br>☐Garnishment<br>☐Interpleader<br>☐License<br>☐Mandamus<br>☐Post-judgment | ☐Prejudgment Remedy<br>☐Protective Order<br>☐Receiver<br>☐Sequestration<br>☐Temporary Restraining Order/Injunction<br>☐Turnover |

## 4. Indicate damages sought *(do not select if it is a family law case)*:

☒ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☒ Less than $100,000 and non-monetary relief
☒ Over $100, 000 but not more than $200,000
☒ Over $200,000 but not more than $1,000,000
☒ Over $1,000,000

Rev 2/13



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   December 12, 2018

Certified Document Number:        82688151 Total Pages:  2

Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

# EXHIBIT A-6

11/21/2018 9:36:21 AM
Chris Daniel - District Clerk
Harris County
Envelope No: 29193426
By: HUTCHINSON, MIAEDA A
Filed: 11/21/2018 9:36:21 AM

## Fkulv#Gdqlho#Kduulv#Frxqw#Glvwulfw#Fonun#

Uhtxhvw#iru#Lvvxdqfh#ri#Vhuylfh#

**CASE NUMBER:** _____  **CURRENT COURT:** _____

**Name(s) of Documents to be served:** ORIGINAL PETITION & TRO _____

**FILE DATE:** ___11/20/2018_____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be**

**Served):**

**Issue Service to**: City Manager, Corby Alexander _____

Address of Service: 604 W. Fairmont Pkwy _____

City, State & Zip:____LA PORTE, TEXAS 77571 _____

Agent (if applicable)_____

**TYPE OF SERVICE/PROCESS TO BE ISSUED**: (Check the proper Box)

| | | |
|---|---|---|
| ☒ **Citation** ☐ **Citation by Posting** ☐ **Citation by Publication** | | ☐ **Citations Rule 106 Service** |
| ☐ **Citation Scire Facias** | **Newspaper**_____ | |
| ☒ **Temporary Restraining Order** | ☒ **Precept** | ☐ **Notice** |
| ☐ **Protective Order** | | |
| ☐ **Secretary of State Citation ( $12.00)** | ☐ **Capias (not an E-Issuance)** | ☐ **Attachment** |
| ☐ **Certiorari** | ☐ **Highway Commission ( $12.00)** | |
| ☐ **Commissioner of Insurance ($12.00)** | ☐ **Hague Convention ($16.00)** | ☐ **Garnishment** |
| ☐ **Habeas Corpus** | ☐ **Injunction** | ☐ **Sequestration** |
| ☐ **Subpoena** | | |
| ☐ **Other (Please Describe)**_____ | | |

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:
☐ **ATTORNEY PICK-UP (phone)** _____ ☐ **CONSTABLE**
☐ **MAIL to attorney       at:**_____

☐ **CERTIFIED MAIL by District Clerk**   ☐ **E-Issuance by District Clerk** **(No Service Copy Fees Charged)**
**(Note:)** **CAPIAS is not an E-Issuance Option**
☒ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: Paul Costolow #52   Phone: 713-705-5771

☐ **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name:  Frank A. Hale_____ Bar # or ID 08724000___

Mailing Address: 4008 Vista Road, Suite 201A, Pasadena, Texas 77504_____

Phone Number:_713-941-4100_____



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   December 12, 2018

Certified Document Number:        82688152 Total Pages:   1

Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

# EXHIBIT A-7

Cause No. 2018-83751

| TRADEBE ENVIRONMENTAL SERVICES LLC (D/B/A TREATMEN | § | IN THE DISTRICT COURT OF |
|---|---|---|
| vs. | § | HARRIS COUNTY, TEXAS |
| CITY OF LAPORTE | § | 165th JUDICIAL DISTRICT |

---

ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER

---

On this day came on to be heard Plaintiff's Application for a Temporary Restraining Order.  After having reviewed the motions, responses and arguments of the parties, the Court finds that Plaintiff's Application for Temporary Restraining Order should be denied.  It is therefore,

ORDERED, that Plaintiff's Application for a Temporary Restraining Order is **Denied**.

Plaintiff presented an Application for Temporary Injunction.  It is ordered that the clerk of this court issue notice to Defendants to appear before the **165th** Judicial District Court, in the Civil Courts Building, 201 Caroline, Houston, Harris County, Texas, on **December 5, 2018** at **4:00 PM** to show cause why Plaintiff should not be granted a temporary injunction, as set out in the application, pending final determination of this cause on its merits.

Signed November 21, 2018.

Ancillary Judge



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   December 12, 2018

Certified Document Number:      82694127 Total Pages:  1

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

# EXHIBIT A-8

1/21/2018 4:51 PM
Chris Daniel - District Clerk Harris County
Envelope No. 29212436
By: Lakeisha Williams
Filed: 11/21/2018 4:51 PM

CAUSE NO. 2018-83751

| | | |
|---|---|---|
| TRADEBE ENVIRONMENTAL | § | IN THE DISTRICT COURT |
| SERVICES, LLC d/b/a TREATMENT | § | |
| AND RECYCLING CENTER | § | |
| | § | |
| Plaintiff, | § | |
| | § | 165TH JUDICIAL DISTRICT |
| V. | § | |
| | § | |
| CITY OF LAPORTE | § | |
| Defendant. | § | OF HARRIS COUNTY, TEXAS |

**AGREED TEMPORARY ORDER PURSUANT TO RULE 11 TEXAS RULES OF CIVIL PROCEDURE**

On November 21, 2018, Tradebe Environmental Services, LLC doing business as Tradebe Treatment and Recycling, Plaintiff and the City of La Porte, Defendant by and through their attorneys of record have entered into the following agreement.

Both parties agree that Defendant will not interfere with or any way attempt to prohibit the operations of Plaintiffs business or operations at the Plaintiffs business located on 200 South Sixteenth Street in La Porte, Texas.   Defendant further agree that it will not cause to be issued a citation or another Stop Work Order until the 165th Judicial Court hears this matter on a temporary basis

The parties agree to return to the 165th Judicial District Court on 201 Caroline, Houston Texas 77002t on December 5, 2018 at 4:00 PM.

By: _____

FRANK A HALE, PLLC
Texas Bar No: 0872400
4008 Vista Rd., Suite 201A
Pasadena, Texas 77504
Tel. (281) 998-9450
Fax. (281) 998-9430
Attorney for Plaintiff
Tradebe Environmental Services, LLC
Email:  Frank@frankahale.com

By: _____

Clark T. Askins
City of La Porte

Assistant City Attorney for the
SBN: 24012223
604 West Fairmont Parkway
La Porte, Texas 77571
Phone: 281-471-5020
Attorney for City of La Porte



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   December 12, 2018


Certified Document Number:        82722777 Total Pages:  2


Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

# EXHIBIT A-9

12/5/2018 1:52 PM
Chris Daniel - District Clerk Harris County
Envelope No. 29517220
By: Lakeisha Williams
Filed: 12/5/2018 1:52 PM

## CAUSE NO. 2018-83751

| | | |
|---|---|---|
| TRADEBE ENVIRONMENTAL SERVICES, LLC D/B/A TRADEBE TREATMENT AND RECYCLING, | § § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | HARRIS COUNTY, TEXAS |
| | § | |
| v. | § | |
| | § | |
| CITY OF LA PORTE, | § | |
| Defendant. | § | 165TH JUDICIAL DISTRICT |

## <u>CITY'S TRIAL BRIEF</u>

The City of La Porte (the "City") has adopted a comprehensive zoning ordinance under authority of Chapter 211 of the Texas Local Government Code. The Plaintiff's claims in this lawsuit arise out of a dispute over the proper application of the zoning ordinance to their operations. The Plaintiff has the burden of establishing jurisdiction over his claims. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). For the following reasons, the Court lacks jurisdiction over the Plaintiff's claims and should deny the request for a temporary injunction on that basis.

### A.   **Both state law and the City's zoning ordinance provide an administrative remedy in this case.**

Both state law and the City's ordinances provide for an appeal to the City's Board of Adjustment from decisions made in the enforcement of the City's zoning ordinance. The relevant statute reads as follows:

(a) The board of adjustment may: (1) hear and decide an appeal that alleges error in an order, requirement, decision, or determination made by an administrative official in the enforcement of this subchapter or an ordinance adopted under this subchapter; ... (b) In exercising its authority under Subsection (a)(1), the board may reverse or affirm, in whole or in part, or modify the administrative official's order, requirement, decision, or determination from which an appeal is taken and make the correct order, requirement, decision, or determination, and for that purpose the board has the same authority as the administrative official.

Tex. Loc. Gov't Code Ann. § 211.009 (West).  The City ordinance on the same subject reads as follows:

Appeals to the board of adjustment may be taken by any person aggrieved or by any officer, department or board, of the city affected by any decision of the enforcement officer. Such appeal shall be taken within 30 days as provided by the rules of procedure of the board of adjustment, by filing with the enforcement officer from whom the appeal is taken specifying the grounds thereof. The enforcement officer from whom the appeal is taken shall forthwith transmit to the board of adjustment all papers constituting the record upon which the action appealed from was taken.

*Code of Ordinance, City of La Porte, Texas*, § 106-89.

### B.   The Plaintiff's failure to exhaust its administrative remedies deprives the Court of jurisdiction.

The Court lacks jurisdiction over this dispute because the Plaintiff has failed to exhaust its administrative remedies under state law and the City's ordinances by filing an appeal with the City's Board of Adjustment.

The exhaustion rule requires that plaintiffs "pursue all available remedies within the administrative process before seeking judicial relief." ... The failure to do so deprives the trial court of

> jurisdiction to decide the case. Id. In particular, "[a]dministrative remedies available under section 211 of the Local Government Code generally must be exhausted before a party may seek judicial review of a determination made by an administrative official … Because the Property Owners did not appeal the loss of the property's "grandfather" status to the ZBA, they failed to exhaust their administrative remedies, and the trial court did not have subject-matter jurisdiction over their takings claims.

*Murphy v. City of Galveston*, 557 S.W.3d 235, 241 (Tex. App.—Houston [14th Dist.] 2018, no pet. h.).  "Because Sumner did not exhaust his administrative remedies on his complaint regarding Flores's decision to issue a certificate of occupancy, the trial court did not have subject-matter jurisdiction and its only recourse was to dismiss the petition for writ of certiorari."  *Sumner v. Bd. of Adjustment of City of Spring Valley Vill.*, 14-15-00149-CV, 2016 WL 2935881, at *6 (Tex. App.—Houston [14th Dist.] May 17, 2016, pet. denied).

> When the Legislature creates an administrative agency, it may grant the agency authority to resolve disputes that arise within the agency's regulatory arena. … If the Legislature expressly or impliedly grants an agency sole authority to make an initial determination in such disputes, the agency has exclusive jurisdiction, and a party "must exhaust its administrative remedies before seeking recourse through judicial review." … If the party files suit before exhausting exclusive administrative remedies, the courts lack jurisdiction and must dismiss the case. … deprive courts of subject matter jurisdiction in the dispute.").

*Clint Indep. Sch. Dist. v. Marquez*, 487 S.W.3d 538, 544 (Tex. 2016) (internal citations omitted).



C.     **Conclusion and Request for Relief**

It is undisputed that the Plaintiff has failed to exhaust its administrative remedies by filing an appeal with the Board of Adjustment before seeking judicial relief.  For that reason, the Plaintiff cannot establish this Court's jurisdiction over its claims and the Court must deny the Plaintiff's Request for a Temporary Injunction.

Respectfully submitted,

**OLSON & OLSON, L.L.P.**

By:     */s/ John J. Hightower*
        John J. Hightower
        State Bar No. 09614200
        jhightower@olsonllp.com
        Allison S. Killian
        State Bar No. 24099785
        akillian@olsonllp.com
        Wortham Tower, Suite 600
        2727 Allen Parkway
        Houston, Texas  77019
        Telephone:  (713) 533-3800
        Facsimile:   (713) 533-3888

        **ATTORNEYS FOR DEFENDANT,**
        **CITY OF LA PORTE, TEXAS**



## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 5th day of December, 2018, a true and correct copy of the foregoing *City's Trial Brief* was sent as indicated to all counsel of record in accordance with Tex. R. Civ. P. 21 and 21a, as follows:

Frank A. Hale                                               ***Via hand delivery***
FRANK A. HALE & ASSOCIATES, PLLC
4008 Vista Rd., Suite 201A
Pasadena, Texas 77504
frank@frankahale.com

                                        */s/ John J. Hightower*
                                        John J. Hightower





I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   December 12, 2018

Certified Document Number:        82857654 Total Pages:  5

Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

# EXHIBIT A-10

12/5/2018 1:52:24 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 29517220
By: WILLIAMS, LAKEISHA
Filed: 12/5/2018 1:52:24 PM

## CAUSE NO. 2018-83751

| | | |
|---|---|---|
| TRADEBE ENVIRONMENTAL | § | IN THE DISTRICT COURT OF |
| SERVICES, LLC D/B/A | § | |
| TRADEBE TREATMENT AND | § | |
| RECYCLING, | § | |
|    Plaintiff, | § | HARRIS COUNTY, TEXAS |
| | § | |
| v. | § | |
| | § | |
| CITY OF LA PORTE, | § | |
|    Defendant. | § | 165TH JUDICIAL DISTRICT |

## <u>ORDER DENYING REQUEST FOR TEMPORARY INJUNCTION</u>

On the 5th day of December 2018, the Court held a hearing on Plaintiff's Request for Temporary Injunction and Defendant's response thereto. The Court, having considered the pleadings on file, the evidence and law presented, the testimony of any witnesses and the arguments of counsel, is of the opinion that Plaintiff's request for temporary injunction should be DENIED.

IT IS THEREFORE ORDERED that Plaintiff Tradebe Environmental Services, LLC d/b/a Tradebe Treatment and Recycling's request for a temporary injunction is DENIED.

SIGNED this _____ day of December, 2018.

_____
JUDGE PRESIDING



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   December 12, 2018

Certified Document Number:       82857656 Total Pages:  1

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**